## BELL'S ADM'R *vs.* BELL.

[BILL IN EQUITY BY WIFE'S ADMINISTRATOR AGAINST HUSBAND'S ADMIN-
ISTRATOR AND HEIRS.]

1. *When wife's administrator may come into equity.*—The personal repre-
sentative of the wife cannot maintain a bill in equity, against the
personal representative and heirs-at-law of the husband, to recover
property which accrued to the wife after her desertion by the
husband; which was claimed, held and controlled by her as a feme
sole; of which the husband never had possession, and to which he
never asserted any claim or title.

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. WADE KEYES.

THE facts of this case, as stated in the bill, are these:
John Raiford died, in Monroe county, Alabama, in 1814,
leaving as his heirs-at-law his widow, Mrs. Lucy Raiford,
and three infant children. His estate was administered
upon in said county, by one James Jenkins, "who settled·
his administration in the orphans' court of·said county,
in the year 1825, and in the distribution of said estate
Mrs. Lucy Raiford received a negro woman by the name
of Linda." In 1816, Mrs. Raiford married George W.
Bell, in said county of Monroe, and afterwards had two
children by him. In 1821, while still residing in said
county, "said George W. Bell left and wholly abandoned
his said wife; leaving her with five children, without the
means of supporting them, except by her own labor."
Mrs. Bell soon afterwards removed to Wilcox county,
where she lived up to the time of her death, which oc-
curred on the 30th September, 1855, "during all which
time she acted as a *feme sole*—managed and controlled
her property without any molestation or interference
from her said husband, and claimed the property in her
possession as her own, to the exclusion of any right in
her said husband, who never asserted any right or claim
to said property, but permitted her to claim, own and

manage the same as her own property, and to act in regard thereto in all respects as a feme sole." George Bell went to parts unknown, "and nothing was heard of him, until about the year 1845, when it was understood he died in the city of Mobile."

On the 4th October, 1855, William C. Bell, the son of said George W. and Lucy Bell, was appointed by the probate court of Wilcox administrator of said George W. Bell; "not at the instance of any creditor or creditors of his estate, but solely for the purpose of excluding the children of said John Raiford from all participation in the said property;" and, as such administrator, took possession of all the personal property which was in the possession of Mrs. Lucy Bell at the time of her death, including several negroes who were the descendants of the woman Linda, and sold a portion of said property under the order of said probate court. On the 17th December, 1855, James Raiford obtained from said probate court letters of administration on the estate of Mrs. Lucy Bell; and, on the 7th April, 1856, filed his bill in equity against said William C. Bell, both individually and as administrator of said George W. Bell, and the other heirs-at-law of said George W. and Lucy Bell; praying a discovery and account of assets, an injunction of further proceedings in the probate court, a final settlement of his intestate's estate, and general relief.

The chancellor sustained a demurrer to the bill, for want of equity; and his decree is now assigned as error.

WATTS, JUDGE & JACKSON, for appellant.

H. F. DRUMMOND, and L. S. LUDE, contra.

STONE, J.—The bill in this case presents the complainant in an inextricable dilemma. If Mr. Bell's marital rights attached to the slaves, then neither Mrs. Bell nor her administrator had any right to them, either at law or in equity. If the marital rights did not attach, then the remedy of the complainant is perfect at law.—Jenkins v. McConico, 26 Ala. 213, 246; Andrews v. Huckabee, 30 Ala.; Mason v. McNeill, 23 Ala. 201; Machem v. Machem, 28 Ala. 374.

It is not proper for us to decide whether, on the statements of this bill, the property in controversy belongs to the one estate or the other.—See Cecil & Juxon v. Juxon, 1 Atk. 278; Starrett v. Wynne, 17 Serg. & R. 130, 134; Mead v. Hughes, 15 Ala. 141, 148.

The decree of the chancellor is affirmed.

NOTE BY REPORTER.—This opinion was delivered at the January term, 1858.